[ECF No. 17]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WILLIAM A. LEONARD, JR., <br><br> Plaintiff, <br><br> v. <br><br> EDWARD BAYUK, et al., <br><br> Defendants. | Civil No. 23-21314 (ESK/EAP) |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *pro se* Defendant Edward Bayuk's second Motion to Vacate the Clerk's Entry of Default.  *See* ECF No. 17.  Plaintiff opposes the motion.  *See* ECF No. 19.  The Court has considered the Defendant's submission and decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the following reasons, Defendant's motion is **DENIED WITHOUT PREJUDICE**.

### BACKGROUND

On October 19, 2023, Plaintiff William A. Leonard, Jr. filed the Complaint commencing this action in his capacity as a Chapter 7 Trustee under the Bankruptcy Code.  *See* ECF No. 1 ("Compl.").  Plaintiff, as Trustee, is the holder of a wholly unsatisfied money judgment against Defendant Edward Bayuk, which the United States Bankruptcy Court for the District of Nevada entered on February 2, 2021.  *Id.* ¶¶ 1, 15 and Ex. A.  Subsequently, the Bankruptcy Court entered an order granting Plaintiff's motion for attorney's fees against the Judgment Debtors, to include Bayuk, on January 25, 2022.  *Id.* ¶ 17 and Ex. C.  Plaintiff alleges that to avoid satisfying the judgment, on August 24, 2022, Bayuk transferred real property to MAXTMAX, LLC for one

dollar and that the transfer is voidable under several provisions of the New Jersey Uniform Voidable Transactions Act. *See id.* ¶¶ 1, 20, 22, 24-25.

On November 10, 2023, Plaintiff filed executed summonses for Defendants MAXTMAX, LLC and Edward Bayuk, reflecting that the Defendants' responses to the Complaint were due on November 14, 2023, and November 16, 2023, respectively. *See* ECF Nos. 4, 5. On November 21, 2023, Plaintiff requested that the Clerk of Court enter a default against Defendants; the Clerk entered default the next day. *See* ECF No. 8. Afterwards, Bayuk wrote a letter to the Court requesting additional time to respond to the Complaint. *See* ECF No. 9. In response, the Court issued a text order directing Bayuk to file a motion to vacate default. *See* ECF No. 10.

On January 4, 2024, Bayuk filed his first Motion to Vacate the Clerk's Entry of Default. *See* ECF No. 12. The Court denied that motion without prejudice because the Court could not "discern from the papers that Bayuk submitted adequate facts with which to make any findings as to the [relevant] factors[.]" ECF No. 16 (Order), at 2. The Court stated that Bayuk could refile his motion only if he provided the following:

      i.    A notice of motion;
     ii.    A separate brief that addresses the three factors the Court must consider to determine whether there is good cause to vacate entry of default . . . ; and
    iii.    A proposed order.

*Id.* at 3.

On February 6, 2024, Defendant Bayuk filed the present motion. *See* ECF No. 17 ("Def.'s Motion"). Ignoring the Court's directives, *see* ECF No. 16 at 3, Bayuk did not submit a notice of motion, a separate brief addressing the factors relevant to disposition of his motion, or a proposed order. *See generally* Def.'s Motion. Instead, Bayuk's submission appears to be a two-page certification. *See generally id.* On February 16, 2024, Plaintiff filed opposition to the motion.

2

ECF No. 19. In it, he argued that each of the relevant considerations weighs in favor of denying the motion. *See generally id.*

## DISCUSSION

Federal Rule of Civil Procedure 55(a) governs default in civil cases. That Rule provides in pertinent part:

> [W]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). Once the clerk has entered a default, the aggrieved defendant must seek leave of court to lift it under Federal Rule of Civil Procedure 55(c). Under that Rule, a court may "set aside an entry of default for good cause[.]" *Id.* Courts consider three factors when determining if a defendant in default has demonstrated good cause:[1]

> (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct.

*United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (citations omitted); *see also, e.g.*, *Prime Hookah, Inc. v. MK Distribs., Inc.*, No. 19-7283, 2019 WL 13339086, at *1-2 (D.N.J. July 15, 2019) (citation omitted) (enumerating and applying the foregoing factors); *Fidelity Warranty Servs., Inc. v. Edison Motor Cars, Inc.*, No. 16-5728, 2022 WL 356934, at *1-2 (D.N.J. Feb. 7, 2022) (citations omitted) (same).

---

[1] Several courts have considered a fourth factor—the availability of alternative sanctions—in the Rule 55(c) analysis. *See, e.g.*, *Paris v. Pennsauken Sch. Dist.*, No. 12-7355, 2013 WL 4047638, at *2 (D.N.J. Aug. 9, 2013); *Nat'l Specialty Ins. Co. v. Papa*, No. 11-2798, 2012 WL 868944, at *2 (D.N.J. Mar. 14, 2012); *see also Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). However, "the balance of authority adopts the three-factor approach." *Lewis v. Tribeca Lending*, No. 08-1144, 2009 WL 3353153, *2 n.16 (E.D. Pa. Oct. 16, 2009) (collecting cases). Here, the Court will conform to the weight of authority and conduct a three-factor analysis.

In support of his motion, Defendant states only the following facts: that he is over 18; is mentally competent; and is a managing member of MAXTMAX, LLC. *Id.* at 1-2. These facts do not provide a sufficient basis for the Court to decide the motion. Defendant does cite to *Firmani v. Firmani*, 332 N.J. Super. 118 (App. Div. 2000), in his certification. However, the Court finds that *Firmani* is inapposite to the present motion.

*Firmani* concerns the application of the New Jersey Uniform Fraudulent Transfer Act,[2] N.J.S.A. 25:2-20 to -33, to the transfer of real property to avoid the equitable distribution provisions of a judgment of divorce. 332 N.J. Super. at 119. In the underlying divorce proceeding, the family court awarded ownership of the marital home to the ex-husband but ordered him to compensate his ex-wife in a series of cash payments. *Id.* at 119-20. The ex-husband failed to complete the final payment related to the home and took affirmative steps to protect the home from efforts to enforce the judgment. *Id.* The ex-wife then filed the complaint in *Firmani*, alleging that her ex-husband fraudulently transferred their former marital home to a limited partnership for one dollar to avoid enforcement of the judgment of divorce against the home, in violation of the Uniform Fraudulent Transfer Act. *Id.* at 119-20. The trial court granted summary judgment for the ex-wife, finding "that the conveyance was a transparent effort by Firmani to avoid his obligations to [the] plaintiff." *Id.* at 120. The trial court vacated the transfer and revested ownership of the home in the ex-husband. *Id.* at 119-20. On appeal, the Appellate Division affirmed. *See id.* at 119, 124.

Here, Defendant is a *pro se* litigant, and courts must liberally construe *pro se* filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976));

---

[2] On February 25, 2020, the New Jersey Legislature amended the statute, which among other things renamed the Uniform Fraudulent Transfer Act to the Uniform Voidable Transactions Act. *See* L. 2021, c.92 § 1.

*see also Bivings v. Wakefield*, 316 F. App'x 177, 181 (3d Cir. 2009) ("We construe *pro se* filings liberally, and hold them 'to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972))). Even under that permissive standard, however, the Court cannot discern any connection between the holding in *Firmani* and the disposition of the present motion. Although Plaintiff here brings claims under the New Jersey Uniform Voidable Transaction Act, which was at issue in *Firmani*, the merits of Plaintiff's claims are not relevant at this juncture. At issue here is the standard for vacating a default under Rule 55(c), which the *Firmani* court did not address.

Lastly, the Court lacks adequate information to vacate the default. Bayuk has not provided sufficient facts for the Court to adequately assess any of the Rule 55(c) factors. Importantly, Bayuk has not cured the specific deficiencies the Court identified in its Order denying his first motion to vacate the default. ECF No. 16 at 3; *see also generally* Def.'s Motion. For all these reasons, Defendant's motion is denied without prejudice.

## CONCLUSION AND ORDER

Because Bayuk did not comply with this Court's previous order, and because the Court lacks a sufficient basis to grant the present motion, the Court denies Defendant's Motion to Vacate Clerk's Entry of Default without prejudice.

If Defendant decides to refile his motion, he may do so only if the new motion provides facts pertinent to the following considerations: the prejudice to plaintiff if default is lifted; whether the defendant has a meritorious defense; and whether the default is the result of culpable conduct. *See $55,518.05 in U.S. Currency*, 728 F.2d at 195 (citations omitted). In addition, Defendant's renewed motion must explain how the proffered facts speak to the relevant factors.
5

Accordingly, for the reasons stated,

**IT IS** on this **14th day of August 2024,**

**ORDERED** that Defendant's Motion to Vacate the Clerk's Entry of Default, ECF No. 17, is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that no later than **August 30, 2024**, Defendant may refile his Motion to Vacate Clerk's Entry of Default that conforms with the directives provided herein and in the Court's previous order, ECF No. 16; and is further

**ORDERED** that the Clerk's Office shall forward a copy of this Memorandum Opinion and Order to Defendant *pro se* via regular mail and shall enter a notation on the docket indicating the date upon which this Memorandum Opinion and Order was mailed to Defendant.

                                                    s/Elizabeth A. Pascal
                                                    ELIZABETH A. PASCAL
                                                    United States Magistrate Judge

cc:  Hon. Edward S. Kiel, U.S.D.J.