[ECF Nos. 28, 31]

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **WILLIAM A. LEONARD, JR.**, <br><br> Plaintiff, <br><br> v. <br><br> **EDWARD BAYUK, et al.**, <br><br> Defendants. | Civil No. 23-21314 (ESK/EAP) <br><br><br> **ORDER** |

**IT APPEARING TO THE COURT** that on September 3, 2024, *pro se* Defendant Edward Bayuk ("Defendant") filed his third Motion to Vacate the Clerk's Entry of Default, ECF No. 28; and

**IT FURTHER APPEARING TO THE COURT** that on September 23, 2024, Plaintiff William A. Leonard ("Plaintiff") filed his brief in opposition to Defendant's motion, ECF No. 29, and on September 27, 2024, Defendant filed a supplemental brief in support of his motion, ECF No. 31;[1] and

**IT FURTHER APPEARING TO THE COURT** that Federal Rule of Civil Procedure 55(a) governs default in civil cases. Rule 55(a) in pertinent part provides that

> [W]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). Once a clerk has entered a default, the aggrieved defendant must seek leave of court to lift it under Federal Rule of Civil Procedure 55(c). Under that Rule, a court may "set

---

[1] The Court notes that ECF No. 31 is filed on the docket as a separate Motion for Oral Hearing and Jury Trial but is in fact Defendant's supplemental briefing in response to Plaintiff's opposition to Defendant's motion, ECF No. 29.

aside an entry of default for good cause[.]" *Id.* Courts consider three factors when determining if a defendant in default has demonstrated good cause:

> (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct.

*United States v. $55,518.05 in U.S. Currency*, 782 F.2d 192, 195 (3d Cir. 1984) (citations omitted); *see also, e.g., Prime Hookah, Inc. v. MK Distribs., Inc.*, No. 19-7283, 219 WL 13339086, at *1-2 (D.N.J. July 15, 2019) (citation omitted) (enumerating and applying the foregoing factors); *Fidelity Warranty Servs., Inc. v. Edison Motor Cars, Inc.*, No. 16-5728, 2022 WL 356934, at *1-2 (D.N.J. Feb. 7, 2022) (citations omitted) (same); and

**IT FURTHER APPEARING TO THE COURT** that the Court previously denied without prejudice Defendant's second motion to vacate default by Memorandum Opinion and Order on August 14, 2024, ECF No. 22, because Defendant did not comply with the Court's previous Order, ECF No. 16, and because Defendant "ha[d] not provided sufficient facts for the Court to adequately assess any of the Rule 55(c) factors," ECF No. 22 at 5; and

**IT FURTHER APPEARING TO THE COURT** that the facts underlying this litigation remain unchanged from when the Court previously addressed this issue in its August 14, 2024 Memorandum Opinion and Order, ECF No. 22; and

**IT FURTHER APPEARING TO THE COURT** that the August 22, 2024 Memorandum Opinion and Order, ECF No. 22, directed that:

> If Defendant decides to refile his motion, he may do so only if the new motion provides facts pertinent to the following considerations: the prejudice if default is lifted; whether the defendant has a meritorious defense; and whether the default is the result of culpable conduct . . . . In addition, Defendant's renewed motion must explain how the proffered facts speak to the relevant factors.

ECF No. 22 at 5; and

**IT FURTHER APPEARING TO THE COURT** that Defendant did not provide a notice of motion or a proposed order in his filing as he had been instructed to by Hon. J. Brendan Day, U.S.M.J., ECF No. 16;[2] and

**IT FURTHER APPEARING TO THE COURT** that in his third motion to vacate default, Defendant directs the Court's attention to a series of exhibits[3] that relate to either legal proceedings that are not at issue before this Court or information that is not relevant to the Court's decision on whether to vacate default, *see* ECF No. 29, ¶¶ 8-17; and

**IT FURTHER APPEARING TO THE COURT** that Defendant has not included in his pleading any facts pertinent to deciding whether (1) plaintiff would face prejudice if the default were lifted; (2) whether Defendant can raise a meritorious defense to the claims being brought against him *in this matter*; and (3) whether the default is a result of Defendant's culpable conduct. Instead, Defendant presents various facts relating to other litigation occurring outside of this jurisdiction that have no bearing on whether there is good cause to lift the default here; and

**IT FURTHER APPEARING TO THE COURT** that as for the facts that Defendant did include in his brief, he has not provided an explanation as to how any of those facts relate to the only question before this Court, which is whether the good cause factors are implicated here such that vacating the clerk's entry of default is proper;[4] therefore,

---

[2] The Court also instructed Defendant to provide "[a] separate brief that addresses the three factors the Court must consider to determine whether there is good cause to vacate entry of default . . . .". ECF No. 16 at 3. For purposes of this Order, and because Defendant is a *pro se* litigant, the Court liberally construes his filings and treats Defendant's certifications as his brief purporting to set forth facts that address the good cause factors. *See Bivings v. Wakefield*, 316 F. App'x 177, 181 (3d Cir. 2009) ("We construe *pro se* filings liberally, and hold them to 'less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972))).

[3] Defendant asks the Court to review over 700 pages of exhibits, nearly all of which relate to bankruptcy proceedings outside of this District and other matters that are irrelevant to determining whether he has established good cause to lift the clerk's entry of default judgment. This the Court will not do.

[4] This Court will not evaluate Defendant's request to assess what the Defendant categorizes

**IT IS** this **18th** day of **October 2024**;

**ORDERED** that *pro se* Defendant Edward Bayuk's third Motion to Vacate the Clerk's Entry of Default, ECF Nos. 28, 31, is **DENIED WITHOUT PREJUDICE;** and it is further

**ORDERED** that if Defendant refiles his motion, he **must** conform with the directives provided herein and in the Court's previous orders, ECF Nos. 16 and 22, or he may face a recommendation from the undersigned to the Hon. Edward S. Kiel, U.S.D.J. that the requested relief be *denied with prejudice*; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Memorandum Opinion and Order to Defendant *pro se* via regular mail and shall enter a notation on the docket indicating the date upon which this Memorandum Opinion and Order was mailed to Defendant.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Hon. Edward S. Kiel, U.S.D.J.

---

as a "Judicial Meltdown" in bankruptcy proceedings taking place in Nevada, ECF No. 28, ¶ 20, because this Court has no authority to make such determinations and further, those proceedings have no bearing on the question of whether to lift the clerk's entry of default.

The Court also finds that Defendant's reliance on *Brady v. Maryland* is inapplicable because this is a civil matter between private litigants.  While courts have applied *Brady* in non-criminal proceedings in "rare instances," *see Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 138 (4th Cir. 2014) (noting that *Brady* can apply in civil cases, but only where "the potential consequences 'excel or exceed those of most criminal convictions.'" (quoting *Demjanjuk v. Petrovsky*, 10 F.3d 338, 354 (6th Cir.1993))), those cases still involved government action in some form.  *See Brodie v. Brodie v. Dep't of Health & Hum. Servs.*, 951 F. Supp. 2d 108, 119 (D.D.C. 2013) (listing limited examples of cases where courts applied *Brady* in civil proceedings).  Here, Plaintiff is a private trustee who holds an unsatisfied money judgment against Defendant.  Therefore, *Brady* does not apply.

Finally, the Court finds that Defendant's citations to the False Claims Act and the New Jersey Consumer Fraud Act are irrelevant as to whether there is good cause to lift the entry of default.  *See* ECF No. 31, ¶¶ 11-12, 19.  Nor do Defendant's allegations of fraud committed against him by individuals who are not parties to this litigation support his motion because those considerations are also irrelevant.

4